UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCY GILLETT,                                    :
                                                 :
                    Plaintiff,                    :
                                                 :
                                                 :          **COMPLAINT
        – against –                              :       AND JURY DEMAND**
                                                 :
                                                 :
LONG ISLAND UNIVERSITY,                          :          Case No. _____
                                                 :
                                                 :
                    Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff LUCY GILLETT for her Complaint against Defendant alleges as follows:

## INTRODUCTION

1.      Plaintiff LUCY GILLETT ("Coach Gillett") is the former Women's Head Soccer Coach at Defendant Long Island University ("LIU" or "Defendant").

2.      Defendant has discriminated against Coach Gillett on the basis of sex and retaliated against her by, among other things, (1) terminating her employment for complaining about LIU's unequal treatment of female athletes, and of herself as a female coach of female athletes, by paying her less than her male counterparts in violation of (a) Title IX of the Education Amendments of 1972 (20 U.S.C. §1681, *et seq.*) and the regulations adopted pursuant thereto (34 C.F.R. Part 106) (collectively, "Title IX"); (b) Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e; *et seq.*) ("Title VII"); and (c) the NYS Human Rights Law (N.Y.S. Exec. L. §290, *et seq.*) ("NYSHRL"); and (2) terminating her for complaining about LIU paying her less than her male counterparts in violation of (a) the Equal Pay Act, 20 U.S.C. §206(d)(1) ("Equal Pay Act") and (b) New York State Labor Law ("NYSLL").

3.      Coach Gillett files this action to require Defendant to redress the unlawful conduct against her, including payment of lost wages, and to compensate her for her emotional pain and suffering, reputational harm, economic damages and lost employment opportunities.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) because Plaintiff's legal claims arise under 20 U.S.C. §1681, *et seq.* and its interpreting regulations; 20 U.S.C. §206(d)(1); and 42 U.S.C. §2000e-5(f)(3).

5.      Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b) as Coach Gillett's claims arose in Brookville, New York, which is within the jurisdiction of this Court, and Defendant resides within this District.

7.      On or about December 1, 2023, Coach Gillett filed a charge of discrimination against LIU with the United States Equal Employment Opportunity Commission ("EEOC"), within 300 days of the date LIU terminated her employment. Coach Gillett alleged that LIU violated her rights under Title VII by paying her less than her male counterpart because of her gender and then terminating her employment when she complained about this pay disparity.

8.      On or about September 29, 2024, the EEOC terminated its processing of the Charge and issued a Right to Sue Letter.

9.      The Complaint in this action is being filed with this Court with ninety (90) days of Coach Gillett's receipt of the Right to Sue Letter issued by the EEOC.

2

## PARTIES

10.    Coach Gillett served as LIU's assistant women's soccer coach for the 2021-2022 academic year and was promoted to LIU Head Women's Soccer Coach in April 2022. She served in that position until LIU terminated her employment in November 2023.

11.    Coach Gillett is a resident of the State of New York, which is within the jurisdiction of this Court. At all relevant times, Coach Gillett was an employee of Defendant LIU within the meaning of Title IX, Title VII, the Equal Pay Act, the NYSHRL and NYSLL.

12.    Defendant LIU is a private university of higher education located in Brookville, New York, which is within the jurisdiction of this Court. LIU receives federal financial assistance and the benefits therefrom. Therefore, all programs at LIU, including intercollegiate athletics, are subject to the requirements of Title IX.

13.    At all relevant times, Defendant LIU was an employer within the meaning of Title IX, Title VII, the Equal Pay Act, the NYSHRL and NYSLL.

## GENERAL ALLEGATIONS AND LEGAL BACKGROUND

14.    Title IX, enacted in 1972, provides in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..." 20 U.S.C. §1681(a). The Civil Rights Restoration Act of 1987 made plain Congress' intent that the terms "program or activity," as used in Title IX, mean any program or activity so long as any part of the public institution receives federal financial assistance. 20 U.S.C. §1687. Thus, if LIU otherwise receives federal assistance, it is subject to Title IX even if none of the funding for either its men's or women's athletic program comes from federal sources.

15. In 1975, the United States Department of Health, Education and Welfare ("HEW"), the predecessor of the United States Department of Education ("DOE"), adopted regulations interpreting Title IX, which are codified at 34 C.F.R. Part 106 (the "Regulations"). (The DOE regulations adopting the HEW regulations are at 45 C.F.R. Part 86.) The Regulations are enforced by the DOE's Office for Civil Rights ("OCR").

16. In 1979, OCR issued a policy interpretation of Title IX and the Regulations as applied to intercollegiate athletics. This policy interpretation is found at 44 Federal Register 71,413 (1979) (the "Policy Interpretation").

17. The Regulations require that sponsors of intercollegiate athletics (such as LIU) take such remedial actions as are necessary to overcome the effects of sex discrimination in violation of Title IX. *See* 34 C.F.R. §106.3(a). LIU has not taken any recent remedial actions to satisfy its obligations under Title IX.

18. The Regulations expressly prohibit employment discrimination in educational programs. 34 C.F.R. §106.51, *et seq*. (Subpart E). Section 106.51(a)(1) states: "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment . . . under any education program or activity operated by a recipient which receives or benefits from Federal financial assistance."

19. 34 C.F.R. §106.51(a)(3) states: "A recipient shall not enter into any contractual or other relationship which directly or indirectly has the effect of subjecting employees or students to discrimination."

20. Title IX's prohibition of discrimination on the basis of sex covers, among other things, compensation, job assignments, fringe benefits, and any other term, condition, or privilege of employment. 34 C.F.R. §106.51(b). Title IX prohibits sex discrimination in employment based

upon the sex of the employee and based upon the sex of the students taught or athletes coached.

21.     Title VII's prohibition of discrimination on the basis of sex covers, among other things, compensation, and any other term, condition, or privilege of employment. 42 U.S.C. §2000e-2(a).

22.     The NYSHRL prohibits discrimination on the basis of sex with respect to compensation or in the terms, conditions or privileges of employment. N.Y. Exec. L. §296.1(a).

23.     Employer retaliation against individual employees because they complain of sex discrimination constitutes intentional conduct that violates Title IX, Title VII and the NYSHRL.

24.     Employer retaliation against individual employees because they complain that the employer paid higher wages to a similarly situated employee of the opposite sex performing equal or substantially similar work violates the Equal Pay Act and the NYSLL.

## FACTUAL ALLEGATIONS

25.     Coach Gillett was a varsity Division I collegiate athlete.

26.     Coach Gillett was a professional soccer player in Europe for five years following her collegiate career.

27.     Prior to becoming LIU's Assistant Women's Soccer Coach in August 2021, Coach Gillett coached soccer at many levels, including club, Olympic development, and collegiate.

28.     In August 2021, LIU hired Coach Gillett as the Assistant Women's Soccer Coach.

29.     In April 2022, LIU promoted Coach Gillett to the position of Head Women's Soccer Coach.

30.     As the Head Women's Soccer Coach, Coach Gillett developed a very successful soccer program through October 2023, during which time she improved the women's soccer program at LIU significantly with strong recruiting, an improved win-loss record, and enhanced

development of student athletes. Coach Gillett led LIU to its first and only appearance in the Division I playoffs. LIU's Athletic Director at the time told Coach Gillett throughout the Fall of 2023 words to the effect that "how great [she was] doing with the team, how everything's really turning around. The culture looks great. The girls look really happy."

31.    Beginning in 2022, Coach Gillett complained about gender inequity in violation of Title IX, Title VII, the NYSHRL and federal and state Equal Pay Acts ("Discriminatory and Unequal Pay Issues") at LIU, specifically as it affected (a) her as a female coach of female players (and presented an obstacle to her team's success), and (b) the female athletes on her team.

32.    Coach Gillett complained of numerous Discriminatory and Unequal Pay Issues, including, but not limited to, LIU's failure to provide her an equitable salary when compared to male coaches who performed the same or less duties.

33.    Despite Coach Gillett's reporting of the Discriminatory and Unequal Pay Issues, nothing was done to correct the inequities.

34.    On or about February 14, 2023, Coach Gillett met with LIU's Athletic Director to complain about the inequitable treatment regarding her salary and to request an increase in her salary for the following year.

35.    On or about September 27, 2023, Coach Gillet met with LIU's Deputy Athletic Director to complain about the inequitable treatment regarding her salary and to request an increase in her salary for the following year.

36.    On or about November 8, 2023, Coach Gillett met with LIU's Athletic Director to reiterate her complaints of inequitable treatment regarding her salary and to request an increase in her salary for the following year. She reminded him of the successful season the team had just finished; repeated that she was struggling with her salary; and told him she knew that the former

(male) coach, whose teams did not perform as well as Coach Gillett's, was making more money than she was in the same position. The Athletic Director sat with his feet up on desk and his hands behind his head and flat-out denied her request for an increased salary.

37.    Approximately one week later, on or about November 13, 2023, Coach Gillett spoke with LIU's Title IX coordinator to seek help with the ongoing Discriminatory and Unequal Pay Issues she was having. Coach Gillett explained to the Title IX Coordinator that she was making less than her male predecessor and counterpart. The Title IX coordinator told her she did not think she could handle Coach Gillett's complaints, but that she would help her figure out the appropriate person who could. The Title IX Coordinator then informed Coach Gillett that someone from LIU's Human Resources Department would be reaching out to her and that she should talk to them.

38.    On or about November 20, 2023 Coach Gillett met with two representatives from LIU's Human Resources Department. Coach Gillett expressed concern to the HR representatives that she would be retaliated against by LIU's administration if she filed a complaint against the school. Coach Gillett pointedly asked them, "by meeting with you, are they [the administration] going to fire me?" The HR representatives reassured Coach Gillett that her employment would not be terminated because she met with them. According to them, that would be retaliation. Their assurances rang hollow: only nine days later, LIU terminated her employment.

39.    Having been reassured by LIU's Human Resources Department that she would not be subjected to retaliation, Coach Gillett asked them to investigate her complaints. They said they would do so.

40.    On November 29, 2023, only 16 days after Coach Gillett complained to the Title IX Coordinator about gender inequity in LIU athletics, and nine days after she met with representatives from LIU's Human Resources Department and asked them to investigate her

gender discrimination complaint concerning unequal pay, LIU's Chief Operating Officer, Joseph Schaefer ("COO Schaefer"), called Coach Gillett to his office and terminated her employment effective immediately, for cause.

41.    COO Schaefer provided direct evidence that Coach Gillett's complaints motivated the decision to terminate her employment. During this meeting, Coach Gillett asked why the Athletic Director was not present for the meeting. Given that he was her direct supervisor, she thought it was appropriate that he would be involved in a termination meeting. In response, COO Schaefer told her words to the effect that, "It would not be right if the person you have an HR report out against was firing you."

42.    Moreover, the reason COO Schaefer provided for Coach Gillett's termination — that she was not performing successfully as a coach — is not borne out by the evidence and is merely a pretext for retaliatory actions following both her reports of unequal pay and gender inequity and her pursuit of equitable treatment for herself and for the women's soccer program.

43.    Upon information and belief, LIU engages in a pattern and practice of retaliating against employees, students, and staff for engaging in protected activity by complaining about sex discrimination and gender discrimination in pay.

## FIRST CLAIM FOR RELIEF: TITLE IX
### (Retaliation)

44.    Plaintiff realleges and incorporates herein by this reference all allegations in paragraphs 1 through 43 inclusive of this Complaint.

45.    Coach Gillett was a female coach of female athletes while employed at LIU.

46.    On numerous occasions from 2022 through 2023, Coach Gillett complained to multiple levels of LIU administration about the unequal pay she received as a female coach of female athletes and requested equal pay for herself at LIU.

47.    In November 2023, Coach Gillett met with and filed a Title IX complaint based on unequal pay with LIU HR personnel regarding the unequal pay and discrimination based on sex.

48.    COO Schaefer knew that Coach Gillett complained about the unequal pay and discrimination based on sex prior to the termination of her employment.

49.    LIU retaliated against Coach Gillett because she complained about gender discrimination and unequal pay in the terms and conditions of her employment by removing her as the Head Coach of LIU's women's soccer program, and taking other adverse employment actions, all in violation of Title IX, 20 U.S.C. §1681(a).

50.    As a result of LIU's actions, Coach Gillett has been damaged in the form of lost employment, lost compensation and benefits, and lost professional status and reputation, and will be damaged by the loss of future employment opportunities. Such discrimination has caused and will cause Coach Gillett pain, humiliation, emotional distress (including anxiety, depression, and other psychological and physical manifestations of such distress), in addition to monetary and other damages.

51.    Defendant's conduct was willful, wanton and egregious, as a result of which Coach Gillett is entitled to an award of punitive damages.

### SECOND CLAIM FOR RELIEF: TITLE VII
### (Retaliation)

52.    Plaintiff realleges and incorporates herein by this reference all allegations in paragraphs 1 through 43 inclusive of this Complaint.

53.    Coach Gillett was a female coach of female athletes while employed at LIU.

54.    On numerous occasions from 2022 through 2023, Coach Gillett complained to multiple levels of LIU administration about the unequal pay she received as a female coach of female athletes and requested equal pay for herself at LIU.

9

55. In November 2023, Coach Gillett filed a complaint with LIU HR personnel regarding the unequal pay and discrimination based on sex.

56. COO Schaefer knew that Coach Gillett complained about the unequal pay and discrimination based on sex prior to the termination of her employment.

57. LIU retaliated against Coach Gillett because she complained about gender discrimination and unequal pay in the terms and conditions of her employment by removing her as the Head Coach of LIU's women's soccer program, and taking other adverse employment actions, all in violation of Title VII.

58. As a result of LIU's actions, Coach Gillett has been damaged in the form of lost employment, lost compensation and benefits, and lost professional status and reputation, and will be damaged by the loss of future employment opportunities. Such discrimination has caused and will cause Coach Gillett pain, humiliation, emotional distress (including anxiety, depression, and other psychological and physical manifestations of such distress), in addition to monetary and other damages.

59. Defendant's conduct was willful, wanton and egregious, as a result of which Coach Gillett is entitled to an award of punitive damages.

## THIRD CLAIM FOR RELIEF: FEDERAL EQUAL PAY ACT
### (Retaliation)

60. Plaintiff realleges and incorporates herein by this reference all allegations in paragraphs 1 through 43 inclusive of this Complaint.

61. Coach Gillett was a female coach of female athletes while employed at LIU.

62. During the course of her employment, Coach Gillett complained to LIU on numerous occasions that LIU was paying her less money for performing work requiring substantially equal skill, effort, and responsibility under similar working conditions as other LIU

male coaches.

63.     LIU was aware of Coach Gillett's complaints about the discrimination based on sex and unequal pay prior to the termination of her employment.

64.     LIU retaliated against Coach Gillett because she complained about wage discrimination by, as set forth above, continuing to provide unequal pay and paying her less than other male head coaches; removing her as the Head Coach of women's soccer program; and taking other adverse work actions, all in violation of the Equal Pay Act, 20 U.S.C. §206(d)(1).

65.     As a result of Defendant's actions, Coach Gillett has been and will be damaged in the form of lost employment, lost compensation and benefits, lost professional status and reputation, and loss of future employment opportunities. Such discrimination also has caused Coach Gillett pain, humiliation, emotional distress (including anxiety, depression, and other psychological and physical manifestations of such distress), and other damages.

66.     Defendant's conduct was willful and not taken in good faith, as a result of which Coach Gillett is entitled to an award of liquidated damages.

### FOURTH CLAIM FOR RELIEF: NYS HUMAN RIGHTS LAW
### (Retaliation)

67.     Plaintiff realleges and incorporates herein by this reference all allegations in paragraphs 1 through 43 inclusive of this Complaint.

68.     Coach Gillett was a female coach of female athletes while employed at LIU.

69.     On numerous occasions from 2022 through 2023, Coach Gillett complained to multiple levels of LIU administration about the unequal pay she received as a female coach of female athletes and requested equal pay for herself at LIU.

70.     In November 2023, Coach Gillett filed a complaint with LIU HR personnel regarding the unequal pay and discrimination based on sex.

11

71.    COO Schaefer knew that Coach Gillett complained about the unequal pay and discrimination based on sex prior to the termination of her employment.

72.    LIU retaliated against Coach Gillett because she complained about gender discrimination and unequal pay in the terms and conditions of her employment by removing her as the Head Coach of LIU's women's soccer program, and taking other adverse employment actions, all in violation of the NYSHRL.

73.    As a result of LIU's actions, Coach Gillett has been damaged in the form of lost employment, lost compensation and benefits, and lost professional status and reputation, and will be damaged by the loss of future employment opportunities. Such discrimination has caused and will cause Coach Gillett pain, humiliation, emotional (distress including anxiety, depression, and other psychological and physical manifestations of such distress), in addition to monetary and other damages.

74.    Defendant's conduct was willful, wanton and egregious, as a result of which Coach Gillett is entitled to an award of punitive damages.

### FIFTH CLAIM FOR RELIEF: NYS LABOR LAW
### (Retaliation)

75.    Plaintiff realleges and incorporates herein by this reference all allegations in paragraphs 1 through 43 inclusive of this Complaint.

76.    Coach Gillett was a female coach of female athletes while employed at LIU.

77.    During the course of her employment, Coach Gillett complained to LIU on numerous occasions that LIU was paying her less money for performing work requiring substantially equal skill, effort, and responsibility under similar working conditions as other LIU male coaches.

12

78.     LIU was aware of Coach Gillett's complaints about the discrimination based on sex and unequal pay prior to the termination of her employment.

79.     LIU retaliated against Coach Gillett because she complained about wage discrimination by, as set forth above, continuing to provide unequal pay and paying her less than other male head coaches; removing her as the Head Coach of women's soccer program; and taking other adverse work actions, all in violation of the NYSLL, N.Y. Lab. L. §215.

80.     As a result of LIU's actions, Coach Gillett has been damaged in the form of lost employment, lost compensation and benefits, and lost professional status and reputation, and will be damaged by the loss of future employment opportunities. Such discrimination has caused and will cause Coach Gillett pain, humiliation, emotional distress (including anxiety, depression, and other psychological and physical manifestations of such distress), in addition to monetary and other damages.

81.     Defendant's conduct was willful and not taken in good faith, as a result of which Coach Gillett is entitled to an award of liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.    Issue an order declaring that Defendant has violated Title IX, Title VII and the NYSHRL by retaliating against Plaintiff for complaining about LIU's unequal treatment of female athletes and of herself as a female coach of female athletes;

B.    Issue an order declaring that that Defendant has violated the Equal Pay Act and NYS Labor Law by retaliating against Plaintiff for complaining about LIU's unequal treatment of female athletes and of herself as a female coach of female athletes by paying Plaintiff less during her tenure at LIU than male coaches performing substantially the same work under similar circumstances;

C.    Award Plaintiff lost wages, employment benefits and other lost compensation, including front pay wages, as a result of Defendant's retaliation against Plaintiff;

D.    Reinstate Plaintiff to her prior position (or a comparable position) with back pay;

E.    Award Plaintiff compensatory damages and any other monetary and non-monetary relief as permitted by law;

F.    Award Plaintiff liquidated damages;

G.    Award Plaintiff punitive damages;

H.    Award Plaintiff pre and post judgment interest;

I.    Award Plaintiff her reasonable attorneys' fees and expenses; and

J.    Order such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A JURY.

14

Dated: White Plains, New York
   December 10, 2024

            **SAPIR SCHRAGIN, PLLC**

By:    *Howard Schragin*
            Howard Schragin, Esq.
            399 Knollwood Road, Suite 310
            White Plains, New York 10603
            (914) 328-0366
            Email: hschragin@sapirschragin.com

            - and -

            **DUFFY LAW, LLC**

By:    /S/
            Felice M. Duffy, Esq.
            239 Foreside Road
            Falmouth, Maine 04105
            (203) 800-6545
            Email: felice@duffylawct.com

            - and -

            **LUCAS & VARGA LLC**

By:    /S/
            Douglas J. Varga, Esq.
            2425 Post Road, Suite 200
            Southport, Connecticut 06890
            (203) 227-8400
            Email: dvarga@lucasvargalaw.com

            *Attorneys for Plaintiff*

15